IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY FREEMAN, | ) |
| **Petitioner,** | ) |
| v. | ) Case No. CIV-05-1067-HE |
| EDWARD L. EVANS, | ) |
| **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action under 28 U.S.C. § 2241, challenging a prison disciplinary action and seeking the return of earned credits. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consist with 28 U.S.C. § 636(b)(1)(B). A response has been filed and Petitioner has filed a reply [Doc. No. 12] and a supplemental reply [Doc. No. 17]. Thus the matter is at issue. For the reasons set forth hereafter, it is recommended that the petition be denied.

Background

Petitioner is currently in the custody of the Oklahoma Department of Corrections (DOC) incarcerated at the Lawton Correctional Facility serving a ten-year sentence for possession of a stolen vehicle arising out of the District Court of Tulsa County, Case No. CF-02-6174. However, Petitioner is not challenging his conviction or sentence; rather, he contends that his due process rights were violated as a result of a prison disciplinary hearing conducted at the Healdton Community Work Center (HCWC).

Documentary evidence attached to the petition and submitted with Respondent's response reflects that on August 11, 2004, an offense report was issued at HCWC charging Petitioner with the misconduct of battery, Code 04-4, a Class X offense.

Petition, Ex. A.  On August 12 Petitioner received a copy of the offense report and requested a hearing. *Id.* In the description of the incident prepared by reporting officials, the officials stated that Petitioner hit inmate Allensworth on the left side of his face and injured him. *Id.* An investigator completed a report which was provided to Petitioner on August 13.  Petition, Ex. B.  The investigative report indicated that Petitioner requested an inmate witness, that the investigator in his discretion chose to take a written statement from this witness, that Petitioner was provided a copy of the documentary evidence, and that Petitioner was assigned a staff representative.  Petition, Exhibit B. Additionally, the investigator obtained the written testimony of a confidential witness. *Id.*

Petitioner appeared at the disciplinary hearing held on August 19, 2004, and entered a plea of guilty. Response, Ex. 2.  As a result of the conviction, Petitioner lost 365 days of earned credits, was reassigned to Level One for 90 days and assigned to disciplinary segregation for 30 days. *Id.* The facility head affirmed the conviction on that same date. *Id.* The disciplinary hearing form indicates that a copy of the report was not delivered to Petitioner because he was "unavailable - at OSR." *Id.*  Petitioner failed to appeal the misconduct conviction within the thirty-day period required by governing DOC disciplinary procedures.  *See* OP-060125, Department Inmate Disciplinary Procedures, ¶ (V)(A)(1), Appeal Process ("The inmate/offender will have 30 calendar days after receipt of the decision of a finding of guilt to submit an appeal to the facility

head/district supervisor.").[1] On March 30, 2005, over seven months after his disciplinary hearing, Petitioner submitted a request for an appeal out of time, which request was denied by the DOC Director's Designee on April 21, 2005. Petition, Exs. D and E.[2]

By this action Petitioner alleges that the disciplinary action violated his federal constitutional right to due process. Liberally construing the petition, it appears that Petitioner is alleging that (1) he was not given adequate notice of the charge against him; (2) he was denied an impartial hearing officer (DHO) because the DHO, in violation of DOC policies, threatened Petitioner that if he did not enter a guilty plea to the charge, a felony charge would be initiated in state court; and (3) the DOC Director's Designee improperly denied him a disciplinary appeal out of time.

In his response, Respondent has not addressed the merits of the petition, but contends that the petition should be dismissed on grounds of failure to exhaust state court remedies, and alternatively, for failure to timely file the petition. For the following reasons, it is recommended that the Court decline to dismiss the petition on grounds of exhaustion or untimeliness but that the petition be denied on the merits.

## Analysis

I. Exhaustion of State Remedies

---

[1] Available at <http://www.doc.state.ok.us/Offtech/op060125.htm> (accessed October 26, 2006).

[2] In his request for an appeal out of time, Petitioner did not address the reason for his delayed attempt to appeal the disciplinary hearing officer's decision; rather, he raised errors based on inadequate notice of the charge and the disciplinary hearing officer's alleged coercive attempt to influence Petitioner to enter a guilty plea. Petition, Ex. D.

While § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner challenging the execution of his sentence pursuant to 28 U.S.C. § 2241 to exhaust available state court remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).[3] Petitioner bears the burden of showing that he has exhausted available state remedies. *Hamm*, 300 F.3d at 1216.

Respondent contends that Okla. Stat. tit. 57, § 564.1 which became effective on May 10, 2005, provides a remedy for Oklahoma state prisoners alleging procedural deprivations in prison disciplinary proceedings. Respondent further contends that in light of this statutory provision, the Tenth Circuit's decision in *Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004), no longer provides precedent for finding there are no available state court remedies for Oklahoma inmates challenging their disciplinary convictions in a federal habeas action.

Pursuant to § 564.1, which provides Oklahoma inmates with a judicial remedy for challenging institutional disciplinary decisions on due process grounds, in order to be considered by the state district court, an inmate's challenge of a disciplinary decision must be filed within ninety days after notification of a final DOC decision in the inmate's disciplinary appeal.[4] At the time of Petitioner's disciplinary action on August 19, 2004,

---

[3]Respondent incorrectly contends that Petitioner's claims regarding his prison disciplinary proceeding arise under the provisions set forth in 28 U.S.C . § 2254. *See Hamm*, 300 F.3d at 1216; *see also McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.1997) ("Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence.") (citations omitted).

[4]Section 564.1 provides:
A. In those instances of prison disciplinary proceedings that result in the revocation of
(continued...)

4

however, there was no judicial remedy available for Oklahoma prisoners who challenged the merits of a disciplinary conviction but lacked a right to immediate release. *See Gamble v. Calbone*, 375 F.3d 1021, 1026-27 (10th Cir. 2004) (holding "there is no state-

---

[4](...continued)
earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections. To be considered by the court, the inmate shall meet the following requirements:
    1. The petition shall be filed within ninety (90) days of the date the petitioner is notified of the final Department of Corrections decision in the Department disciplinary appeal process.
    2. The petition shall only name the Department of Corrections as the respondent and service shall be in accordance with the rules for service under the laws of this state.
    3. The petition shall be limited to the review of only one disciplinary report and no other pleading is allowed other than the petition and the answer.
    4. The court shall not consider any pleadings from any intervening parties and shall not stay the Department disciplinary process during the review of the misconduct hearing.
B. The answer of the Department shall be filed within thirty (30) days of receipt of the petition unless the court orders a special report upon motion by one party or upon its own motion.
C. The petition shall assert that due process was not provided and prove which element of due process, relevant only to a prison administrative disciplinary proceeding, was not provided by the prison staff.
D. The court shall only determine whether due process was provided by the revoking authority. In determining whether due process was provided, the court shall determine:
    1. Whether written notice of the charge was provided to the inmate;
    2. Whether the inmate had a minimum of twenty-four (24) hours to prepare after notice of the charge;
    3. Whether the inmate was provided an opportunity for a hearing by a prison employee not involved in bringing the charge;
    4. Whether the inmate had the opportunity to present relevant documentary evidence;
    5. Whether the inmate had the opportunity to call witnesses when doing so would not be hazardous to institutional safety or burden correctional goals;
    6. Whether the inmate was provided a written statement as to the evidence relied on and the reasons for the discipline imposed; and
    7. Whether any evidence existed in the record upon which the hearing officer could base a finding of guilt.
E. The judicial review as provided in this section shall not be an independent assessment of the credibility of any witness or a weighing of the evidence, and there shall be no right to an error free proceeding or to confront accusers.
The only remedy to be provided, if the court finds due process was not provided, is an order to the Department to provide due process.
F. There shall be no recovery allowed for costs and fees, providing that frivolous petitions are subject to the sanctions provided by the laws of this state.
G. Either party aggrieved by the final order of the district court on a petition for judicial review may only appeal the order to the Oklahoma Court of Criminal Appeals as set forth in the rules of such Court.

exhaustion requirement for Oklahoma inmates challenging the merits of a disciplinary board revocation of earned credits where the inmate is seeking only speedier, and not immediate, release."). The judicial remedy in § 564.1 became effective long after the date Petitioner was found guilty of the misconduct he is challenging here, and Respondent does not allege that Oklahoma's recently enacted judicial review statute is to be applied retroactively. Nothing in the plain language of the statute indicates that prisoners like Petitioner, whose time for a prison disciplinary appeal had expired more than 90 days before the effective date of the statute, had an available state remedy either before or after May 10, 2005.[5]

The undersigned finds that it is not necessary to resolve the retroactive applicability of Oklahoma's recently enacted judicial review statute and whether Petitioner exhausted available state court remedies, as the petition may more easily be denied on the merits. *Montez*, 208 F.3d at 866 (finding habeas petition was properly denied on its merits notwithstanding petitioner's failure to exhaust available state court remedies). Accordingly, it is recommended that the Court decline to dismiss the petition on the basis of lack of exhaustion.

II. Timeliness of the Petition

Respondent alternatively contends that the petition should be dismissed because it is untimely under 28 U.S.C. § 2244. The one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d)(1),

---

[5]In any event, as previously set out, Petitioner failed to timely pursue the administrative appeal process and therefore there was no final appeal decision in Petitioner's disciplinary action from which he could seek judicial review under § 564.1.

applies to habeas petitions brought pursuant to 28 U.S.C. § 2241 contesting administrative decisions. *Dulworth v. Evans*, 442 F.3d 1265, 1267 (10th Cir. 2006). As *Dulworth* instructs, the limitations period runs from the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* at 1268; *see also* 28 U.S.C. § 2244(d)(1)(D). Where a petitioner "timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final." *Dulworth*, 442 F.3d at 1268.

As discussed, the record establishes that Petitioner did not timely and diligently pursue an administrative appeal of his misconduct conviction within the thirty days allowed for such appeal, and that he waited until March 2005 to seek an appeal out of time, which request was rejected. Therefore, the undersigned finds that the limitation period commenced thirty days from the date of the August 19, 2004, disciplinary hearing – on September 18, 2004.[6] *Compare Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (interpreting the tolling provision in 28 U.S.C. § 2244(d)(2), as applied to a habeas petition under 28 U.S.C. § 2254, and holding that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."). Because Petitioner failed to timely appeal the disciplinary decision, his request for an appeal out of time had no effect on the calculation of the one-year period under *Dulworth*.

---

[6]The undersigned notes that September 18, 2004, fell on a Saturday. It is not necessary to address whether Petitioner was entitled to additional time in which to submit his appeal to DOC authorities, because even under the earlier date of September 18, his petition is timely.

Therefore, the undersigned finds that Petitioner's habeas petition challenging his disciplinary conviction was due on or before September 18, 2005.[7] Accordingly, the instant petition, filed September 14, 2005, is timely.

III. Merits of the Petition

Petitioner alleges that his due process rights were violated because (1) he was not given adequate notice of the charge against him; (2) the DHO was not impartial and coerced him to enter a plea of guilty to the charge by threatening that if he did not, a felony charge would be initiated in state court; and (3) he was erroneously denied a disciplinary appeal out of time.

A. Requirements for Due Process in a Disciplinary Hearing

Prison disciplinary proceedings can be challenged under the Due Process Clause only if the resulting disciplinary action implicates a state-created liberty interest. *Stephen v. Thomas*, 19 F.3d 498, 501 (10th Cir. 1994). In Oklahoma, state law creates a liberty interest in earned credits. *See* Okla. Stat. tit. 57, § 138(A); *see also Waldon v. Evans*, 861 P.2d 311, 313 (Okla. Crim. App. 1993) ("the State has created a liberty interest in earned credits"). As a result, inmates who earn sentence credits are entitled to due process protection before such credits may be taken away. *Mitchell v. Maynard*, 80 F.3d 1433, 1444 (10th Cir. 1996) (inmate's liberty interest in earned credits cannot be denied without the minimal safeguards afforded by the Fourteenth Amendment's Due

---

[7] The petition would of course be timely if the Court were to find that the § 2244(d)(1)(D) one-year period did not commence until after Petitioner's attempt to obtain an appeal out of time was rejected by the DOC Director's Designee on April 21, 2005.

Process Clause). Petitioner was entitled to due process in his prison disciplinary hearing because he lost earned credits.

Though Petitioner was entitled to due process, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To meet the due process standard in an institutional disciplinary proceeding , an inmate must receive: (1) advance written notice of the disciplinary charge; (2) an opportunity, consistent with the institutional safety and correctional goals, to present witnesses and documentary evidence; and (3) a written statement of the evidence relied on and the reasons for any disciplinary action. *Wolff*, 418 U.S. at 563-67. If these requirements are met, and there is "some evidence" to support the decision, then procedural due process has been provided. *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985). Judicial review to determine the existence of "some evidence" does not require "examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." *Hill* at 455. Rather, the issue is simply "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56.

B. <u>Sufficient Notice of Disciplinary Charge</u>

Petitioner first challenges the first prong of the *Wolff* due process requirements, asserting that he was improperly charged under offense code 04-4, for "[p]articipating in an activity that directly results in the intentional injury of another person(s). Petition at 3. He claims that the offense report did not specifically identify the elements of the

charge under code 04-4. According to Petitioner, he should have been charged with a violation of code 04-3, "[b]attery of another person" – a charge that is classified as a class A offense *Id.* Petitioner further alleges that the failure of the investigating officer to correct this incorrect charge or "clerical error" constitutes a violation of DOC policy. *Id.* (citing DOC OP-060125(II)(C)(4)(d) as a regulation that provides that "Clerical errors found by the investigator may be corrected and a copy given to the inmate.").

Notice is required to enable the inmate to marshal the facts and prepare a defense. *Wolff v. McDonnell*, 418 U.S. at 564. The record shows that Petitioner had adequate notice of the conduct of which he was accused. The offense report clearly states that Petitioner was being charged with violation code 04-4, "battery" a class X offense. Petition, Ex. A. The report goes on to state that Petitioner "hit inmate Allensworth [] on the left side of his face that directly resulted in the injury of inmate Allensworth." *Id.* The report further refers to evidence which included photographs of inmate Allensworth and a emergency medical report. *Id.* There is no confusion as to which offense was being charged. Regardless of Petitioner's opinion that he should have been charged with a different offense, the notice requirement of *Wolff*, *supra*, was clearly met.

To the extent Petitioner also claims that notice of the charge against him was insufficient because it contained a "clerical error" not corrected by the investigator officer as required by DOC policy, he fails to demonstrate such error occurred, and in any event, such claim, even if true, does not constitute a denial of due process. *See* Petition at 3 (citing OP-060125(II)(C)(4)(d)). An inmate's claim concerning prison officials' alleged violation of internal policy does not "offend[] a fundamental constitutional guarantee."

10

*Turner v. Safley*, 482 U.S. 78, 84 (1987). Therefore, Petitioner's challenge to prison officials' alleged violation of a policy or regulation does not state a claim of constitutional dimension.[8] *See Godlock v. Fatkin*, No. 03-6003, 2003 WL 22954301, at *4 (10th Cir. Dec. 16, 2003)[9] ("Petitioner does not have cognizable claim for federal habeas relief based solely on the failure of [the correctional facility] to follow particular regulations and directives [in the course of his disciplinary proceedings].") (citing *Turner*, 482 U.S. at 84); *Kirkland v. Provience*, No. 94-6245, 1995 WL 377088, at *7 (10th Cir. Feb. 2, 1995) (finding Department of Corrections' regulations governing disciplinary proceedings do not generally create liberty interest in strict enforcement of those rules and failure to comply with such regulations is not a violation of due process); *Wilson v. Ramsey*, No. 9307012, 1993 WL 476422, at *2 (10th Cir. Nov. 19, 1993) (prison officials did not violate due process by failing to explain why an officer was believed over the petitioner although such a statement was required by prison policy).

C. <u>Impartial Decisionmaker</u>

Petitioner also alleges that during the disciplinary hearing the DHO "coerced" Petitioner into entering his guilty plea by threatening to file a felony charge in state court

---

[8]The Tenth Circuit has recognized that prison officials' failure to follow their own procedural rules could implicate the guarantees of the Due Process Clause at least where the omission impacts a petitioner's right to be heard. *See Mitchell v. Maynard*, 80 F.3d 1433, 1444-45 (10th Cir. 1996) (analyzing under *Wolff* prisoner's claim that disciplinary hearing violated due process because unreliable evidence was admitted; separately analyzing under *Armstrong v. Manzo*, 380 U.S. 545 (1965), prisoner's claim that disciplinary hearing violated due process because defendants failed to follow their own established policy of banning staff members directly involved in the disciplinary case from being the disciplinary officer because "a fundamental requirement of due process is the opportunity to be heard"). *Mitchell* does not, however, stand for the proposition that a disciplinary hearing officer's failure to follow prison regulations *per se* violates the Due Process Clause. In the instant case, Petitioner was afforded the fundamental right to present a defense and be heard. The disciplinary hearing officer considered Petitioner's guilty plea and the evidence and found such adequate to support the charge of battery.

[9]Unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

based on the incident if Petitioner did not enter a plea of guilty to the charged disciplinary offense. Petition at 3. According to Petitioner, the DHO's alleged conduct violated DOC policy which prohibits "[b]argaining by the disciplinary hearing officer or staff member serving the 'Offense Report' to the offender for a guilty plea or dismissal of charges." *Id.* (citing DOC OP-060125(II)(C)(2)). Petitioner asserts that the DHO's alleged behavior resulted in a denial of an impartial decisionmaker. *Id.* at 4.

"An impartial decisionmaker is a fundamental requirement of due process that is 'fully applicable' in the prison context." *See Gwinn v. Awmiller*, 354 F.3d 1211, 1220 (10th Cir.), *cert. denied*, 534 U.S. 860 (2004) (citing *Wolff* 418 U.S. at 492) (Marshall, J., concurring); *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990) (recognizing due process requirement of factfinder's neutrality in prison disciplinary context and citing *Wolff*). As previously discussed, to the extent Petitioner's challenge is based on an alleged violation of a policy or regulation, such claim fails to state a claim of constitutional dimension. Rather, a due process challenge based on impartiality of a decisionmaker is generally limited to whether the prisoner was given a meaningful opportunity to be heard and whether discipline was imposed for an improper purpose. *See, e.g., Mitchell v. Maynard, supra*, 80 F.3d at 1446. In the instant case, Petitioner was afforded the fundamental right to be heard. He requested that a witness be called in his defense, and the investigative officer took a written statement from the witness. Petition, Exs. B and C. Further, Petitioner was provided a copy of a description of the evidence to be presented against him and was assigned a staff representative. *Id.*

"[B]ecause honesty and integrity are presumed on the part of a tribunal, there must be some substantial countervailing reason to conclude that a decisionmaker is actually biased with respect to factual issues being adjudicated.'" *Gwinn*, 354 F.3d at 1220 (quoting *Tonkovich v. Kansas Board of Regents*, 159 F.2d 504, 518 (10th Cir. 1998)). Petitioner offers nothing more than conclusory allegations that his guilty plea was coerced. In light of the evidence against him, the undersigned finds that his conviction pursuant to his guilty plea fails to reflect the denial of Petitioner's due process rights. Petitioner presents no countervailing reason to conclude that the factfinder was biased or improperly caused Petitioner to enter a guilty plea to the charged offense. Petitioner's allegations of coercion and partiality are without merit.

   D.  <u>Denial of Right to Appeal Disciplinary Decision</u>

To the extent Petitioner is raising a claim concerning the appellate review process, *i.e.*, the rejection of his request to appeal the disciplinary conviction out of time, as a separate due process violation, his claim is without merit. An appeal is not constitutionally required in the context of prison discipline. *See Lowe v. Sockey*, No. 00-7109, 2002 WL 491731, at *7 (10th Cir. April 2, 2002) (holding that the Fourteenth Amendment's Due Process Clause does not entitle an inmate to an appeal from a finding of guilt at a disciplinary hearing); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (alleged deficiency in disciplinary appeal did not implicate a protected liberty interest "because inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citations omitted); *Whitten v. Clark*, No. 95-3500, 1996 WL 89224, at *2 (7th Cir. Feb. 29, 1996) ("We see nothing in *Wolff* or its progeny that requires that a prisoner

even be allowed to appeal to an administrative appeals officer . . . .")(unpublished decision). Accordingly, to the extent Petitioner raises a due process claim based on a denial of his request for a disciplinary appeal out of time, such claim should be denied.

 E. <u>Some Evidence for the Disciplinary Conviction</u>

Finally, to the extent Petitioner is claiming that the alleged procedural irregularities in his disciplinary conviction render the evidence insufficient to support his conviction, his claim fails. *See* Petition at 5 ("no evidence sup[p]orts that petitioner com[m]itted a class X offense under rule 04-4"). As previously stated, in order to comport with due process there must be "some evidence" to support the disciplinary decision." *Hill*, 472 U.S. at 454. The Supreme Court has determined that the disciplinary decision can be upheld even if the evidence supporting the decision is "meager," so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* at 457.

Here, Petitioner did not assert at the disciplinary hearing that he was innocent of the charge against him; he entered a guilty plea to that charge. The disciplinary hearing officer stated that he relied on not only Petitioner's guilty plea, but also on the statements of inmates Riley and Allensworth and a confidential informant that Petitioner struck Allensworth in the face, and evidence showing that Allensworth was injured as a result of Petitioner's conduct. Response, Ex. 2. This evidence supports the conclusion reached by the disciplinary hearing officer. Thus, it was well within the disciplinary hearing officer's discretion to find Petitioner guilty of battery. Judicial review to determine the existence of some evidence does not require the weighing of evidence. *Hill*, 472 U.S. at

454. The undersigned finds that Petitioner's prison disciplinary conviction was clearly supported by "some evidence." *See Walker v. Edgell*, No. 93-3166, 1993 WL 371408, *2 (10th Cir. Sept. 23, 1993) ("Mr. Walker should realize that the 'some evidence' standard does not require proof with certainty, proof beyond a reasonable doubt or even proof by a preponderance of the evidence.").

In conclusion, the record shows that Petitioner was afforded the procedures required by *Wolff*, *supra*, and the disciplinary sanctions imposed upon him were supported by some evidence. Accordingly, the undersigned recommends that the petition be denied.

## RECOMMENDATION

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied. Petitioner is advised of his right to object to this Report and Recommendation by the 20th of November, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The objections should be filed with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 31st day of October, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE

15